**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

GRAYLINE THOMPSON,

      Petitioner,

    -vs-                                                    Case No. 13-C-898

MICHAEL MEISNER, Warden,
Columbia Correctional Institution,

      Respondent.

## DECISION AND ORDER

Grayline Thompson ("Thompson") petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2554, as a person incarcerated by a state court judgment. In 2005, Thompson was convicted of the following offenses in Kenosha County, Wisconsin Circuit Court: seven counts of taking hostages by use of a dangerous weapon, contrary to Wis. Stat. §§ 940.305(1) and 939.63(1)(b); and one count each of kidnapping by use of a dangerous weapon, contrary to Wis. Stat. §§ 940.31(1)(b) and 939.63(1)(b); burglary with a dangerous weapon, contrary to Wis. Stat. § 943.10(2)(a); conspiracy to commit armed robbery with the use of force, contrary to Wis. Stat. §§ 943.32(1)(a) and 939.31; and physical abuse of a child by use of a dangerous weapon, contrary to Wis. Stat. §§ 948.03(2)(b) and 939.63(1)(b). The trial court later sentenced Thompson to a total of forty-seven years of confinement and thirty-four years of supervised release.

After his conviction, Thompson filed a direct appeal of his conviction to the Wisconsin Court of Appeals, in which he raised numerous issues.[1]  The Wisconsin Court of Appeals rejected each of Thompson's grounds for appeal and affirmed his conviction.  Thompson then petitioned the Wisconsin Supreme Court for review on three grounds: (1) his counsel was ineffective for failing to get certain evidence excluded for being scientifically unreliable; (2) his counsel was ineffective for failing to make a motion to suppress evidence from an alleged unlawful arrest; and (3) his counsel was ineffective for failing to have him discharged when his demand for a speedy trial was violated.  The Wisconsin Supreme Court declined to review Thompson's conviction.  Next, Thompson filed a petition for habeas corpus in state court, challenging the jurisdiction of the trial court.  His motion was denied, the Wisconsin Court of Appeals affirmed, and the Wisconsin Supreme Court denied a petition for review.

---

[1] The issues Thompson raised in his direct appeal were: (1) ineffective assistance of counsel because his post-conviction counsel filed a no-merit report without thorough discovery; (2) counsel was ineffective due to being unprepared for trial; (3) withdrawal of appellate counsel violated his Sixth Amendment right to counsel for a direct appeal; (4) insufficient trial evidence to prove guilty beyond a reasonable doubt; (5) the trial court violated his right to a speedy trial; (6) counsel was ineffective by failing to object to biased jurors during jury selection; (7) violation of the right to a jury of his peers when the venire panel did not contain a fair cross-section of the community; (8) erroneous exercise of trial court discretion in not changing the trial venue or changing the venire; (9) insufficient evidence to support probable cause for the charges; (10) erroneous exercise of trial court discretion when the jury asked to read the testimony of a witness during deliberations and the court said that it could not read back the testimony; (11) being subjected to multiple punishments for the same crime; (12) violation of the right to a fair trial due to the State's failure to provide all exculpatory materials to the defense; (13) violation of the right to a fair trial due to the State's failure to disclose written and oral statements of a witness that were used at the trial of a co-defendant; (14) erroneous exercise of trial court discretion when it halted the defense's cross-examination of a witness; (15) erroneous exercise of trial court discretion when it allowed a police officer to testify as a forensic expert witness about evidence in the case; and (16) Thompson was unlawfully arrested.

The instant petition is based on four grounds: (1) the erroneous exercise of trial court discretion by denying his motion to dismiss; (2) his counsel was ineffective due to not being prepared for trial; (3) his counsel was ineffective for failing to move for a discharge from custody when the demand for a speedy trial was allegedly violated; and (4) the erroneous exercise of trial court discretion by denying his motion for change of venue or change of venire.

Section 2254 bars a federal court from granting a writ of habeas corpus on behalf of a prisoner in state custody unless the petitioner has "exhausted the remedies available in the courts of the State." § 2254(b)(1). Therefore, the grounds for federal habeas relief must first be presented to state courts before a federal court may consider their merits. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). Further, to exhaust the remedies available in state courts and be eligible for federal habeas relief, a petitioner must have no "right under the law of the State to raise, by any available procedure, the question presented [in the petition]." § 2254(c). The exhaustion requirement mandates that a petitioner present federal habeas grounds to every level of a state's appellate court system in which the petitioner is allowed to seek review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Petitioners convicted of state crimes in Wisconsin must seek review of each of their federal habeas grounds in both the Wisconsin Court of Appeals and the Wisconsin Supreme Court before those claims may be addressed in a federal habeas proceeding. *Moore v. Casperson*, 345 F.3d 474, 486 (7th Cir. 2003).

If a habeas petitioner fails to present a claim to a required state court and that state court would no longer permit the claim to be raised, no state corrective process is available, and the petitioner's state remedies are technically exhausted. *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). Nevertheless, when the grounds for a federal habeas petition are not fairly presented to state courts due to a state procedural bar, the claims are procedurally defaulted for purposes of federal habeas. *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 735 & n.1 (1991)). A procedural default precludes federal habeas relief unless the petitioner demonstrates cause and prejudice attendant to a state procedural waiver, *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977), or that the denial of habeas relief would result in a miscarriage of justice, *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986).

The related doctrines of exhaustion and procedural default are designed to ensure that state courts have the initial opportunity to resolve claims that a state conviction violated federal law before those claims are presented to federal courts. *Boerckel*, 526 U.S. at 845. Providing state courts with the first opportunity to decide federal law issues arising from state trials protects the role of state courts in enforcing federal law and prevents interference with the administration of justice in state courts. *See Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

In this case, each of the four grounds that Thompson raises in his habeas petition are procedurally defaulted. His claims are exhausted because of state procedural limits, yet each level of Wisconsin's appellate courts has not had an

occasion to address them. First, Thompson failed to raise Ground One of the petition, that the trial court erroneously exercised its discretion by denying his motion to dismiss the charges against him, in his petition for review to the Wisconsin Supreme Court. Similarly, Thompson failed to present Ground Two, that he had ineffective assistance of counsel because his trial counsel was unprepared for trial, and Ground Four, that the trial court erroneously exercised discretion by denying his motion for a change of venue or venire, to the Wisconsin Supreme Court.

Finally, Ground Three of the petition — that his counsel was ineffective for failing to move for a discharge from custody when the demand for a speedy trial was allegedly violated — was raised to the Wisconsin Supreme Court, but it was not fairly presented to the Wisconsin Court of Appeals. Instead, the closest claim raised in his appeal to that court was that the trial court denied Thompson his right to a speedy trial. To decide that issue, the Wisconsin Court of Appeals inquired whether Thompson's right to a speedy trial was violated. That question, however, is distinct from the issue raised by Thompson's federal habeas claim. Resolving Thompson's habeas claim entails reviewing his counsel's performance in representing him on the speedy trial right issue and how any inadequacy affected the outcome. The Wisconsin Court of Appeals did not consider these questions because they were not presented in Thompson's appeal.

In the supporting facts for Ground Three of his petition, Thompson asserts that his counsel waived his right to a speedy trial without his consent. If instead of

ineffective counsel, Thompson's claim is based on trial court error in accepting his counsel's waiver of his speedy trial demand, that claim is also procedurally defaulted because it was not included in Thompson's petition for review to the Wisconsin Supreme Court.

None of Thompson's federal habeas grounds have been presented to both tiers of Wisconsin's appellate court system. Thompson is also procedurally barred from bringing those claims to the required state courts. As a result, while his claims are exhausted, the Wisconsin courts have not had the proper opportunity to address them. For federal habeas purposes, Thompson's claims are in procedural default. Moreover, Thompson has not alleged sufficient cause for the default or claimed that denial of relief would result in a miscarriage of injustice. Therefore, because Thompson has procedurally defaulted on his claims and no exception is established, he is precluded from receiving habeas relief and his petition is dismissed.

In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability accompanying a final order adverse to a habeas petitioner. To be entitled to a certificate, a petitioner must show that "reasonable jurists could debate whether … the petition should have been resolved in a different manner or that the issues presented [are] adequate to deserve encouragement to proceed further." *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014) (internal quotations and citations omitted). Thompson's petition does not meet either condition, so the Court will not issue a certificate of appealability.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Thompson's motion to correct mistakes or appoint counsel [ECF No. 22] is **DENIED**;

2. Thompson's petition for a writ of habeas corpus [ECF No. 1] is **DENIED;**

3. The Court declines to issue a certificate of appealability;

4. This action is **DISMISSED;** and

5. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 7th day of August, 2014.

**BY THE COURT:**

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**